## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

FRIENDS OF WEINER SCHOOL DISTRICT                              PLAINTIFF

U.S. DEPARTMENT OF AGRICULTURE AND                     INVOLUNTARY/
WEINER SCHOOL DISTRICT                                              THIRD PARTY
                                                                                             PLAINTIFFS


V.                                          3:10CV00138 JMM


THE STATE OF ARKANSAS, ET AL                                    DEFENDANTS

## ORDER

The Court held a hearing on September 15, 2010, to consider the parties' arguments and

evidence pertaining to the Plaintiff' Motion for Temporary Restraining Order and Preliminary

Injunction and the Defendants' Motion to Dismiss.  At the conclusion of the hearing, the Court

denied Plaintiff' Motion for Temporary Restraining Order and Preliminary Injunction.  The

Defendants' Motion to Dismiss was taken under advisement.  After careful consideration, the

Motion to Dismiss (Docket # 6) is GRANTED.

### I. Facts

Plaintiff Friends of Weiner School District ("FOW") is comprised of "citizens of various

States who live in America and other countries" and depend on farming for their livelihood.

Plaintiff's federal claim for declaratory and injunctive relief is made under the Commerce Clause

of the United States Constitution.  Plaintiff filed the Complaint for Declaratory Judgment and a

Motion for Temporary Restraining Order and Preliminary Injunction on June 30, 2010.  On July

2, 2010, Plaintiff filed an Amended Complaint adding Governor Mike Beebe as a defendant.

Plaintiff  alleges that Arkansas' Act 60 of 2003 violates: (1) Article 14 of the Arkansas

Constitution which mandates free education to ensure equal opportunity; (2) Article 10 of the

Arkansas Constitution which requires the General Assembly to pass laws to "foster and aid" agricultural interests; and (3) the Commerce Clause of the United States Constitution.

Act 60 requires the administrative consolidation of school districts with less than 350 students for two consecutive years. The Weiner School District's student enrollment fell below 350 in school years 2007-08 and 2008-09. Once a school district falls below the 350 student average daily membership ("ADM"), the district's funding becomes inadequate pursuant to Ark. Code Ann. § 6-13-1602. When a school district's funding becomes inadequate the school district is given the option to voluntarily consolidate, or annex, with another school district or to be consolidated by the Arkansas State Board of Education ("ASBE"). *See* Ark. Code Ann. § 6-13-1603.

Plaintiff alleges that consolidation negatively impacts the agricultural interests of Arkansas in violation of Article 10. Plaintiff argues that because Arkansas is the nation's leading producer of rice, any statute that negatively impacts agriculture also violates the Commerce Clause due to an increased risk of agro-terrorism and food supply issues. Plaintiff contends that if schools close in farming communities, farmers will have to move to other communities which have schools. As a result, farmers will be unable to monitor their crops on a daily basis. Without daily monitoring of the crops, the risk for terrorism is increased. "The negative impact on rural communities then negatively impacts the production of agriculture and interstate commerce and simultaneously increases a security risk for our country."

In 2010, the Weiner and Delight School Districts submitted a plan to the ASBE called the Arcadia Plan wherein the two school districts would voluntarily consolidate. The Arcadia Plan was rejected by the ASBE because the two districts were too remote from one another, over 200

miles apart.  On March 1, 2010, the Weiner and Harrisburg School Districts submitted petitions

to the ASBE to voluntarily annex.  The ASBE approved the petition and the school districts were

consolidated effective July 1, 2010.

Plaintiff contends that the Arkansas Board of Education acted in bad faith, illegally,

arbitrarily or capriciously when it rejected "an innovative plan to form a new school district

called Arcadia by joining the Weiner School District with another isolated school district,

Delight."  Plaintiff also makes vague references in the Complaint to problems resulting from the

consolidation of the Weiner-Harrisburg School District school boards.  In is unclear, however,

what action, if any, the Plaintiff requests with regard to the school board.

## II. Standards for Motion to Dismiss

The United States Supreme Court recently clarified the standard to be applied when

deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Bell Atlantic*

*Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "While a complaint attacked by a

Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do.  *Id.* at 1964-65 (citing

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002);

*Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6)

does not countenance ... dismissals based on a judge's disbelief of a complaint's factual

allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a

well-pleaded complaint may proceed even if it appears "that a recovery is very remote and

unlikely")).  Although "[g]reat precision is not required of the pleadings," the complaint should

state how, when, and where the cause of action occurred. *Gregory v. Dillard's Inc.,* 494 F.3d

694, 710 (8ᵗʰ Cir. 2007). "So, when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of

minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at

1966 (internal citations omitted).

In addition, the Court must analyze its subject matter jurisdiction as provided under Rule

12(b)(1) of the Federal Rules of Civil Procedure. Unlike analysis under Rule 12(b)(6), Rule

12(b)(1) allows the Court to consider matter outside of the pleadings.

> H]ere the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P.
> 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction--its
> very power to hear the case--there is substantial authority that the trial court is free
> to weigh the evidence and satisfy itself as to the existence of its power to hear the
> case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and
> the existence of disputed material facts will not preclude the trial court from
> evaluating for itself the merits of jurisdictional claims.

*Osborn v. U.S.*, 918 F.2d 724, 730 (8th Cir. 1990)(quoting *Mortensen v. First Fed. Sav. & Loan*

*Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

### III.  Discussion of the Law

Standing

"Standing is a 'threshold inquiry' and 'jurisdictional prerequisite that must be resolved

before reaching the merits of a suit.'" *City of Kansas City, Mo. v. Yarco Co., Inc*., 2010 WL

4395393, 1 (8th Cir. 2010)(quoting *Medalie v. Bayer Corp.*, 510 F.3d 828, 829 (8th Cir. 2007)

and *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007)).        To establish

Article III standing, a plaintiff must show:

(1) injury in fact, i.e., the invasion of a legally-protected interest that is not only concrete

and particularized but also actual or imminent not conjectural or hypothetical;

(2) a causal connection between that injury and the challenged conduct, and

(3) the likelihood that a favorable decision by the court will redress the alleged injury.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  If the plaintiff offers no factual

allegations, specific or general, demonstrating an injury in fact, the court should dismiss the

claim.  *Young America Corp. v. Affiliated Computer Services, Inc.,* 424 F.3d 840, 843 (8th Cir.

2005)(internal citations omitted).  The party invoking federal jurisdiction bears the burden of

establishing these elements.

Defendants argue that Plaintiff cannot establish that they have suffered an injury in fact.

First, Plaintiff is no longer subject to any alleged unconstitutional deprivation because the

consolidation is complete.  Second, Plaintiff has no legally protected right to any particular

administrative structure for the school district in which they reside*.  San Antonio Independent*

*School Dist. v. Rodriguez,*  411 U.S. 1, 35 (U.S. 1973)(" Education, of course, is not among the

rights afforded explicit protection under our Federal Constitution.  Nor do we find any basis for

saying it is implicitly so protected.").  Third, the school in Weiner is still open.  There is no

evidence that it will be closed and, thus, there is no injury in fact.

The Court finds merit in these arguments.  Plaintiff's Complaint does not allege a

concrete injury in fact.  At the hearing on this matter, the Court questioned the Plaintiff's witness

and attorney as to whether there has been an increased threat of agro-terrorism since

consolidation.  The answer was no.  Likewise, there has been no allegation that the consolidation

has caused a negative impact on the production of agriculture or interstate commerce in the

Weiner area.   "[T]he fear of possible injury and [plaintiff's] philosophical concerns are

insufficient to satisfy the requirement of the standing doctrine that plaintiffs demonstrate a judicially cognizable injury." *Minnesota Federation of Teachers v. Randall,* 891 F.2d 1354, 1359 (8th Cir. 1989)(citing *Valley Forge Christian Coll. V. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758 (1982)).  Absent an injury in fact, the Court does not have subject matter jurisdiction over Plaintiff's claims.  Accordingly, Defendants' Motion to Dismiss is GRANTED.

    2.  <u>Failure to State A Claim</u>

Plaintiff makes the allegation in the Complaint that the Arkansas State Board of Education acted in bad faith, illegally, arbitrarily and capriciously.  This language is often used when making a § 1983 claim for a violation of due process.  However, Plaintiff cannot state a claim for violation of due process here because they do not have a property right to the school district of their choice.  Therefore, Plaintiff has failed to state a claim for violation of a due process right.

IV.  <u>Conclusion</u>

Plaintiff does not have standing to bring this action.  Therefore, the Court lacks subject matter jurisdiction.  Defendants' Motion to Dismiss (Docket # 6) is GRANTED.  The Clerk is directed to close the case.

IT IS SO ORDERED this 29th day of November, 2010.


                                          _____
                                          James M. Moody
                                          United States District Judge